## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Robert Breest

    v.                                 Case No. 21-cv-1034-SE

New Hampshire State Prison Warden

### REPORT AND RECOMMENDATION

Before the court is Robert Breest's petition for writ of habeas corpus (Doc. No. 1), filed pursuant to 28 U.S.C. § 2254, which he has entitled, "Motion for Enforcement of Opinion and Order on Petition for Writ of Habeas Corpus."  Mr. Breest's petition is here for preliminary review to determine whether the claims he raises are facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 cases ("§ 2254 Rules"); LR 4.3(d)(4)(A).

### § 2254 Rule 4 Standard

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Id.  "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  The court construes Mr. Breest's pleadings

liberally, in light of his pro se status.  See Dutil v. Murphy,
550 F.3d 154, 158 (1st Cir. 2008).


## **Discussion**

Mr. Breest has served almost fifty years in prison,
pursuant to the sentence imposed following his murder conviction
in 1973.  He has filed multiple petitions for writs of habeas
corpus over the years challenging that conviction and his
sentence.  The first such petition, Breest v. N.H. State Prison
Warden, No. 77-cv-00045-SM (D.N.H.) ("First Petition"), yielded
an Order remanding his case to the New Hampshire Supreme Court
for further proceedings consistent with that Order, relating to
his due process claim concerning the state court's determination
that his crime qualified as a "psycho-sexual murder" under state
law.  See id. (D.N.H. Apr. 18, 1977) (Doc. No. 1-1, at 18); see
also Breest v. Helgemoe, 579 F.2d 95, 97–98 (1st Cir. 1978).

Mr. Breest's petition in this case (Doc. No. 1) asks this
court to find that the state sentencing judge's application of
the psycho-sexual murder statute to enhance his sentence,
violated his right to a jury trial on that issue.  The petition
here seeks to reopen the judgment in his First Petition, to
obtain an order directing that an "unconditional writ of habeas
corpus" be issued.  Doc. No. 1, at 5.

Consistent with the May 30, 2006 Order in his First
Petition (ECF No. 22) ("May 30, 2006 Order"), and the First

Circuit's August 14, 2006 Order in Mr. Breest's appeal in that
matter, both of which deemed a similar post-judgment motion to
be a successive petition, this court deems Document No. 1 in
this case to be a successive habeas petition.  See Breest v.
Warden, No. 06-1919 (1st Cir. Aug. 14, 2006) (post-judgment
motion filed in Mr. Breest's First Petition, raising a jury
trial claim, was "properly classified as a second or successive
habeas petition" (citing Gonzalez v. Crosby, 545 U.S. 524, 531
(2005)), docketed in First Petition (ECF No. 38).

     "If an application is 'second or successive,' the
petitioner must obtain leave from the court of appeals before
filing it with the district court."  Magwood v. Patterson, 561
U.S. 320, 330-31 (2010) (citing 28 U.S.C. § 2244(b)(3)(A)).  Mr.
Breest has not obtained the First Circuit's permission to file
this petition raising a substantive challenge to the sentence he
is serving.  Therefore, this court lacks jurisdiction to
consider the merits of the claims asserted in the petition.


                    **Transfer or Dismissal**

     A "district court, faced with an unapproved second or
successive habeas petition, must either dismiss it, or transfer
it to the appropriate court of appeals," so that court can
decide whether to allow the petitioner to proceed with a
successive petition.  Pratt v. United States, 129 F.3d 54, 57
(1st Cir. 1997) (citation omitted).  A transfer to the First

                              3

Circuit is neither mandated, <u>see</u> 28 U.S.C. § 1631, nor appropriate here, substantially for the reasons stated in the May 30, 2006 Order in Mr. Breest's First Petition, and because nothing before this court suggests that there is any exigency or other consideration requiring an immediate transfer to the First Circuit, in the interests of justice, stripping Mr. Breest of the opportunity to decide whether he should seek such leave. Accordingly, the district judge should dismiss this petition for lack of jurisdiction, pursuant to 28 U.S.C. § 2244(b), without prejudice to Mr. Breest's ability to apply in the First Circuit for permission to file a similar § 2254 petition, in accordance with 28 U.S.C. § 2244(b)(3)(A) and 1st Cir. Local Rule 22.1.

## Certificate of Appealability

The Rules Governing Section 2254 Proceedings ("§ 2254 Rules") require the court to "issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the party." § 2254 Rule 11(a). Here, the grounds for dismissal are purely procedural, and not substantive.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

_Slack v. McDaniel_, 529 U.S. 473, 484 (2000).  Reasonable jurists would not find it debatable that the instant petition is an unauthorized "successive" petition that is subject to dismissal. The district judge should thus decline to issue a COA here.


### Conclusion

For the foregoing reasons, the district judge should dismiss the petition (Doc. No. 1) for lack of subject matter jurisdiction and decline to issue a certificate of appealability.  Any objections to this Report and Recommendation ("R&R") must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.

Only those issues raised in the objections to this R&R are subject to review in the district court.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objections are precluded on appeal.  See id.  Failure to file any objections within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


_____
Andrea K. Johnstone
United States Magistrate Judge

March 31, 2022
cc:  Robert Breest, pro se

5