```
            UNITED STATES DISTRICT COURT
              DISTRICT OF NEW HAMPSHIRE
```

Robert Breest

    v.                                            Case No. 21-cv-1034-SE

NH State Prison, Warden

ORDER

Petitioner Robert Breest filed a "Motion for Enforcement of Opinion and Order on Petition for Writ of Habeas Corpus." Doc. no. 1. In his motion, Breest challenges his sentence for his conviction of first degree murder in New Hampshire Superior Court in 1973. Specifically, he claims that the sentencing judge's determination that his crime qualified as a psycho-sexual murder under New Hampshire law, which resulted in an enhanced sentence, violated his right to a jury trial on that issue. Id. at 3-4.

On preliminary review, the magistrate judge construed Breest's motion as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Doc. no. 3 at 1. The magistrate judge noted that Breest had previously filed multiple petitions in this court on the same issue. Id. at 2.

The first petition resulted in an order remanding Breest's case to the New Hampshire Supreme Court. Breest v. Helgemoe,

1

Crim. No. 77-45, slip op. (D.N.H. April 18, 1977) (Bownes, J.) ("1977 Order"). In the 1977 Order, Judge Bownes stated that Breest was denied the chance to present evidence regarding the psycho-sexual enhancement. Id. at 18. Judge Bownes held that Breest was entitled to a new sentencing hearing in which he would be afforded "an opportunity to challenge and rebut the inferences raised at the trial which were not pertinent to the issue of first degree murder, but were used to increase his minimum sentence from eighteen to forty years." Id.

In accordance with the 1977 Order, the case was remanded to state court, and the New Hampshire Superior Court held Breest's new hearing on October 16, 1981. See State v. Breest, 124 N.H. 339, 342 (1983). After the hearing, during which testimony was presented, the superior court certified that Breest's crime was psycho-sexual in nature. See id. at 342, 345-46. Breest appealed the superior court's certification, and the New Hampshire Supreme Court affirmed. Id. at 346.

Breest filed a second petition for writ of habeas corpus in this court in 2006. That petition challenged his sentence and conviction on several grounds, including that "the state sentencing judge's finding that his crime qualified, under state law, as a psycho-sexual murder, violated his right to a jury trial on that issue." Breest v. NH State Prison Warden, No. 77-

CV-45-SM, 2006 WL 1520221, at *1 (D.N.H. May 30, 2006) ("2006 Order"). The court denied the petition, holding that it was a second or successive petition because Breest had previously "filed a federal habeas petition challenging this same conviction, on similar grounds." Id. Because Breest had not sought or received authorization from the First Circuit before filing his petition, he was not entitled to file a second or successive petition with the district court. Id. Breest appealed the 2006 Order and the First Circuit agreed with the district court's conclusion and terminated the appeal. Breest v. NH State Prison Warden, No. 77-cv-45-SM, doc. no. 39.

In light of that procedural posture, the magistrate judge deemed Breest's instant motion to be a successive habeas petition. Doc. no. 3 at 3. Because Breest had not obtained the First Circuit's permission to file his successive petition, the magistrate judge recommended that the undersigned dismiss the petition pursuant to 28 U.S.C. § 2244(b), without prejudice to Breest's ability to apply in the First Circuit for permission to file a similar § 2254 petition. Id. at 4.

Breest objects to the magistrate judge's Report and Recommendation. Doc. no. 4. He argues that his current motion in is not a petition for writ of habeas corpus. He contends instead that his motion seeks an order enforcing the directives in the

3

1977 Order on his original petition for habeas corpus—that the case be remanded to state court for a hearing regarding the applicability of the psycho-sexual enhancement. He argues that, therefore, his filing is not a successive petition for writ of habeas corpus. He is incorrect.

Breest's motion specifically states that he seeks a writ of habeas corpus. Doc. no. 1 at 1 (stating that Breest "moves this court to now issue an absolute an[d] unconditional writ of habeas corpus"); accord doc. no. 1 at 5. His motion challenges the state sentencing judge's determination that his crime qualified as a psycho-sexual murder under New Hampshire law on the ground that the finding violated his right to a jury trial. Id. at 2-5. That is the same ground on which he challenged his sentence in previous federal habeas petitions. See, e.g., 2006 Order, 2006 WL 1520221, at *1. Thus, the magistrate judge correctly construed Breest's filing as a successive petition for writ of habeas corpus.

Even if Breest were correct that his motion did not seek a writ of habeas corpus and merely sought to enforce the 1977 Order, he would not be entitled to relief in this case. As the New Hampshire Supreme Court noted, Breest received an evidentiary hearing in superior court on the question of whether his crime was psycho-sexual in nature in accordance with the

4

1977 Order. Breest, 124 N.H. at 342, 345-46. Therefore, Breest has already been afforded the relief he claims in his objection to be seeking in this case.

For these reasons, after due consideration of the petitioner's objection (doc. no. 4), I herewith approve the Report and Recommendation of Magistrate Judge Andrea K. Johnstone dated April 1, 2022 (doc. no 3). For the reasons explained therein, Breest's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (doc. no. 1) is dismissed for lack of subject matter jurisdiction. See 28 U.S.C. § 2244. To permit this court to consider Breest's petition, he must first "move in the appropriate court of appeals for an order authorizing the district court to" do so. Id. § 2244(b)(3)(A).

I decline to issue a certificate of appealability because petitioner has failed to make a substantial showing that he has been denied a constitutional right.

The clerk is directed to enter judgment and close this case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

Date: June 17, 2022

cc: Robert Breest, pro se